People v Marable (2018 NY Slip Op 06152)





People v Marable


2018 NY Slip Op 06152


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

108147

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL MARABLE, Appellant.

Calendar Date: August 6, 2018

Before: Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ.


Arthur G. Dunn, Troy, for appellant.
Barbara D. Underwood, Attorney General, New York City (Nikki Kowalski of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 22, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant and multiple codefendants were charged in a 261-count indictment with various crimes arising from a large-scale drug trafficking operation. In satisfaction thereof, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and was sentenced to five years of probation. He was subsequently charged with violating the conditions of his probation. He entered an admission to the probation violations and waived his right to appeal. In exchange, County Court agreed to adjourn the proceedings to permit defendant to demonstrate compliance with the conditions of probation and, if he did so, he would be resentenced to time served and his probation would be restored. If he did not, his probation would be revoked and he would be resentenced to a term of imprisonment, the maximum of which was 5½ years followed by two years of postrelease supervision. Defendant failed to demonstrate his compliance with the conditions of probation and, as a result, his probation was revoked and he was resentenced to a prison term of 5½ years followed by two years of postrelease supervision. Defendant now appeals.
Defendant contends that his appeal waiver is invalid and does not preclude him from challenging the severity of the resentence. We disagree. The record reveals that defendant waived his right to appeal specifically with respect to the disposition of the probation violations, which extended to all matters pertaining to resentencing. Moreover, County Court advised defendant of the separate and distinct nature of the waiver and ascertained that he understood its ramifications. Furthermore, after conferring with counsel, defendant executed a written waiver in open court that encompassed "any issues regarding the sentence being harsh and/or excessive." Under these circumstances, we find that the appeal waiver is valid and forecloses any claim that the resentence is harsh and excessive (see People v Rogers, 162 AD3d 1410 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]).
Egan Jr., J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.